UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GROTON DUNSTABLE REGIONAL SCHOOL DISTRICT<br><br>Plaintiff,<br><br>v.<br><br>LAIDLAW TRANSIT, INC.<br><br>Defendant. | Civil Action No. 05-10978-PBS |

## LAIDLAW TRANSIT INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Laidlaw Transit Inc., ("Laidlaw"), hereby responds to the numbered paragraphs of plaintiff's ("Groton-Dunstable") Complaint as follows:

### INTRODUCTION

No response is required in the unnumbered introductory paragraph as it merely summarizes the allegations in the Complaint. To the extent that a response is required, those allegations are denied. Moreover, the plaintiff does not assert in its complaint that it intends to terminate the contract.

### PARTIES AND JURISDICTION

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

1

7. Admitted. Laidlaw states that this matter has been removed to federal court which has concurrent jurisdiction pursuant to 28 U.S.C. § 1332 (a).

## FACTUAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Laidlaw admits that, upon request from the plaintiff's school nursing staff, its bus drivers received first aid training and training for the administration of epinephrine by auto injector device (commonly referred to as an "Epipen"). Laidlaw denies that it agreed, as a contractual matter, to this training.

14. Denied.

15. Laidlaw denies that the above-referenced actions were contractual obligations. Laidlaw states that it informed the plaintiff, on approximately November 29, 2004, that the above-referenced actions would no longer be performed.

16. Laidlaw admits that it notified the plaintiff that it would not permit its bus drivers to receive training in epipen administration or to administer the epipen.

17. Laidlaw admits that it has not performed these actions since approximately November 29, 2004. Laidlaw denies that these actions are a duty under any contract with the plaintiff.

18. Laidlaw admits that it has informed the plaintiff that it would not perform these actions. Laidlaw denies that these actions are a duty under any contract with the plaintiff. Laidlaw admits that the contract term expires on June 30, 2006.

19. Laidlaw states that it discussed, on a most preliminary basis, possible indemnification from the plaintiff against any harm flowing from the administration of the epipen. Laidlaw denies that the plaintiff offered to indemnify the defendant against any harm flowing from the administration of the epipen.

20. Admitted.

21. Laidlaw is without knowledge or information sufficient to admit or deny allegations in paragraph 21, so accordingly, they are denied.

22. Laidlaw admits that the contract contains the quoted provision.

## COUNT ONE - BREACH OF CONTRACT

23. Laidlaw repeats and reasserts its response to the allegations contained in paragraphs 1 through 22.

24. Laidlaw admits that, among other provisions in the written contract between it and the plaintiff paid a fee.

25. Admitted. Further answering, Laidlaw asserts that the contract between the parties is a fully integrated, unambiguous contract.

26. Laidlaw admits that the written contract governs the contractual relationship of the parties. Laidlaw denies that the practices and conduct of the parties govern, in whole or in part, the contractual relationship between the parties.

27. To the best of Laidlaw's current knowledge, information and belief, the plaintiff has performed its contractual obligations and is ready, willing and able to perform its future obligations under the subject contract.

28. Denied.

29. Laidlaw denies that it has any contractual or other obligation to perform these actions for the remainder of the term of the contract which expires June 30, 2006, and that it breached the contract between the parties. Laidlaw states that it has informed the plaintiff that it will not perform, or be responsible for these actions.

30. Denied.

## COUNT II - PROMISSORY ESTOPPEL

31. Laidlaw repeats and reasserts its responses to the allegations contained in paragraph 1 through 30.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT III - DECLARATORY

36. Laidlaw repeats and reasserts its responses to the allegations contained in paragraph 1 through 35.

37. Denied.

38. Denied.

39. Admitted.

## V. <u>CONCLUSION</u>

The application for preliminary injunction should be denied, the School District having failed to show a likelihood of success on the merits or irreparable injury.

Respectfully submitted,

LAIDLAW TRANSIT, INC.
By its attorneys,

/s/
James J. Marcellino, Esq.
Alexander Howard, III, Esq.
McDermott Will & Emery, LLP
28 State Street
Boston, MA 02109
(617) 535-4000

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I have caused to be served a true and correct copy of the Defendant's Memorandum in Opposition to Preliminary Injunction, by facsimile and hand delivery upon plaintiff's counsel as follows:

>Rosann DiPietro, Esq.
>LONG & LONG
>21 McGrath Highway, Suite 306
>Quincy, Massachusetts 02169
>
>Howard L. Greenspan, Esq.
>220 Broadway
>Lynnfield, MA 01940

Dated: June 6, 2005

_____/s/_____
James J. Marcellino, Esq.