UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GROTON-DUNSTABLE<br>REGIONAL SCHOOL DISTRICT<br><br>　　　　Plaintiff<br><br>v.<br><br>LAIDLAW TRANSIT, INC.<br><br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 05-10978-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

### OPPOSITION OF THE PLAINTIFF GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT, TO DEFENDANT'S MOTION TO AMEND TO ADD DECLARATORY JUDGMENT COUNTERCLAIM

　　The Plaintiff, the Groton-Dunstable Regional School District, files this opposition to Defendant's Motion to Amend its Answer by adding a Counterclaim for Declaratory Judgment. The grounds for this opposition are that the proposed amended counterclaim would prove futile. While leave to amend is to be freely given when justice requires, such leave may be denied when the amendment would be futile. See e.g., Steir v. Girl Scouts of the USA, 383 F. 3d 7 (1st Cir. 2004).

　　The defendant asserts in its counterclaim that the plaintiff (1) has repudiated the contract and (2) has breached the implied covenant of good faith and fair dealing. The sole fact upon which the defendant bases its repudiation claim is that the plaintiff has published an invitation to bid for the transportation of students with a contract term of August 25, 2005 to August 25, 2008, with a two-year option. The transportation contract between the plaintiff and defendant expires on June 30, 2006. The defendant's claim fails because the mere publication of an invitation to bid does not create a contract nor does it obligate the plaintiff to accept bids and enter into a contract. Chapter 30B, the Uniform Procurement Act, under which the plaintiff published its bid invitation, provides at Section 9:

> The procurement officer may cancel an invitation for bids, a request for proposals, or other solicitation, or may reject in whole or in part any and all bids or proposals when the procurement officer determines that cancellation or rejection serves the best interests of the governmental body. The procurement officer shall state in writing the reason for a cancellation or rejection.

M.G.L. Chapter 30B, Section 9.

In addition, Page 2 of the Invitation for Bid, which is attached to the defendant's motion, clearly states that School District reserves the right to accept or reject any and all bids, as may be considered to be in the best interest of the Groton-Dunstable Regional School District. Therefore, no contract has been entered into merely by publication of an invitation to bid, and no repudiation of the existing contract has occurred as a result of the same.

The defendant also argues in its motion that the plaintiff has breached the implied covenant of good faith and fair dealing by issuing a bid notice without an accompanying notice to terminate to the defendant. This argument fails for two reasons. First, the contract between the plaintiff and defendant, as acknowledged by the defendant in paragraph 6 of its proposed counterclaim, allows the defendant a mere 48 hours notice in the event the plaintiff decides to terminate the defendant's services. The plaintiff has not repudiated or terminated its contract with the defendant and, therefore, no notice is necessary at this time. In the event the plaintiff decides to terminate the contract and accept one of the new bids, there will be sufficient notice consistent with the contractual 48 hour requirement. The defendant in paragraph 14 of its proposed counterclaim seems to argue that it is entitled to more than 48 hours notice. However, it cannot be said that the plaintiff has breached the implied covenant of good faith and fair dealing on the topic of notice if the plaintiff is complying with the express terms on that subject. As noted above, the defendant is entitled to 48 hours' notice of termination. If the Plaintiff is

successful in its breach of contract action and the Defendant fails to provide the service for the 2005-2006 school year, the Plaintiff is taking a prudent course of action in order to provide necessary services to its students.

Secondly, the plaintiff is merely following the suggestion of the court made at the preliminary injunction hearing on June 15, 2005. At that hearing, the judge stated that she was not convinced the plaintiff would suffer irreparable harm in the absence of an injunction for the fall of 2005, because the plaintiff could issue another invitation to bid to determine whether it could procure a bus transportation provider by that time. The judge also stated that, if the plaintiff were unsuccessful in securing another bidder by that time, she would entertain an argument for a preliminary injunction against Laidlaw commencing in the fall of 2005. This reasoning reflects the judge's understanding that the school district could simultaneously invite bids and keep Laidlaw as its provider pending the outcome of the bid process. Action taken at the suggestion of the court cannot logically be construed as a breach of the implied covenant of good faith and fair dealing.

For the above-mentioned reasons, the motion of the defendant to amend its answer and add a counterclaim should be DENIED.

>Respectfully submitted,
>Groton-Dunstable Regional School District,
>By its Attorneys,
>
>_____
>Rosann DiPietro, BBO#556685
>Long & Long
>21 McGrath Highway, Suite 306
>Quincy, Ma 02169
>(617)773-9400

Dated: July 25, 2005

## CERTIFICATE OF SERVICE

I certify that on July 25, 2005, the foregoing document was served on the defendant by mailing, postage pre-paid, to its counsel, James J. Marcellino, McDermott, Will & Emery, 28 State Street, Boston, MA 02109.

_____
Rosann DiPietro